# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
NELLIE PACHECO,

                      Plaintiff,

- against -

BJ'S WHOLESALE CLUB, INC., BJ'S
WHOLESALE CLUB HOLDINGS, INC.
and RPAI PELHAM MANOR, L.L.C.,

                      Defendants.
------------------------------------------------------------------X

Index No:
Date Filed:

Plaintiff designates Bronx
County as the place of trial

**SUMMONS**

The basis of the venue
Is the Plaintiff's
Residence
Plaintiff resides at 50 West
Gunhill Rd, Apt 1-D, Bronx,
NY 10467

**To the above-named Defendants:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York): and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

DATED:    January 07, 2021
            Carmel, New York

Yours, etc.,
LAW OFFICES OF JOHN P. GRILL, PC
By: _____
JOHN P. GRILL
Attorneys for Plaintiff
229 Nimham Road
Carmel, New York 10512
(917) 601-5507

BJ'S WHOLESALE CLUB, INC.
CT Corporation System
111 Eighth Avenue
New York, NY 10011

BJ'S WHOLESALE CLUB HOLDINGS, INC.
New York, NY 10005
CT Corporation System
111 Eighth Avenue
New York, NY 10011

RPAI PELHAM MANOR, L.L.C.
28 Liberty Street
New York, NY 10005

The nature of this action is set forth in the Complaint.
The relief sought is set forth in Complaint. Upon your failure to appear, judgment will be taken against you by default for an amount in excess of the jurisdictional limits of all lower courts, from , 2018, and the costs of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
NELLIE PACHECO,

                        Plaintiff,

- against -

BJ'S WHOLESALE CLUB, INC., BJ'S
WHOLESALE CLUB HOLDINGS, INC.
and RPAI PELHAM MANOR, L.L.C.,

                        Defendants.
-----------------------------------------------------------------------X

Index No:

**VERIFIED COMPLAINT**

Plaintiff, complaining of the defendants, by her attorneys, upon information and belief, alleges:

## AS AND FOR A FIRST CAUSE OF ACTION

1. That at all times hereinafter mentioned, plaintiff was and still is a resident of the State of New York, County of Bronx.

2. That upon information and belief, the defendant BJ'S WHOLESALE CLUB, INC., was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Delaware, and capable of suing and being sued, with a principal place of business being located in the County of Westchester, State of New York.

3. That upon information and belief, the defendant BJ'S WHOLESALE CLUB HOLDINGS, INC., was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Delaware, and capable of suing and being sued, with a principal place of business being located in the County of Westchester, State of New York.

4. That upon information and belief, the defendant RPAI PELHAM MANOR, L.L.C. was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, and capable of suing and being sued, with a principal place of business being located in the County of Westchester, State of New York.

5. That upon information and belief and at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. owned a certain premises known as 825 Pelham Parkway, Pelham NY, also known as BJ's Wholesale Club.

6. That upon information and belief and at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. managed certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

7. That upon information and belief and at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. maintained certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

8. That upon information and belief and at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. controlled certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

9. That upon information and belief and at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. operated certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and

at all times prior.

10. That upon information and belief and at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. supervised, inspected and repaired certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

11. That upon information and belief and at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB, INC. owned, controlled, managed, operated, maintained supervised, inspected and repaired certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

12. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB, INC. was under a duty to operate, manage and maintain certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior, in a safe and lawful manner, such that no persons lawfully thereupon and thereabout would be caused to sustain personal injuries.

13. That upon information and belief and at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB HOLDINGS, INC. owned a certain premises known as 825 Pelham Parkway, Pelham NY, also known as BJ's Wholesale Club.

14. That upon information and belief and at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB HOLDINGS, INC. managed certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

15. That upon information and belief and at all times hereinafter mentioned, the

defendant BJ'S WHOLESALE CLUB HOLDINGS, INC. maintained certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

16. That upon information and belief and at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB HOLDINGS, INC. controlled certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

17. That upon information and belief and at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB HOLDINGS, INC. operated certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

18. That upon information and belief and at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB HOLDINGS, INC. supervised, inspected and repaired certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

19. That upon information and belief and at all times hereinafter mentioned, the defendant BJ'S WHOLESALE CLUB HOLDINGS, INC. owned, controlled, managed, operated, maintained supervised, inspected and repaired certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

20. That at all times hereinafter mentioned, defendant BJ'S WHOLESALE CLUB HOLDINGS, INC. was under a duty to operate, manage and maintain certain premises known

as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior, in a safe and lawful manner, such that no persons lawfully thereupon and thereabout would be caused to sustain personal injuries.

21. That upon information and belief and at all times hereinafter mentioned, the defendant RPAI PELHAM MANOR, L.L.C. owned a certain premises known as 825 Pelham Parkway, Pelham NY, also known as BJ's Wholesale Club.

22. That upon information and belief and at all times hereinafter mentioned, the defendant RPAI PELHAM MANOR, L.L.C. managed certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

23. That upon information and belief and at all times hereinafter mentioned, the defendant RPAI PELHAM MANOR, L.L.C. maintained certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

24. That upon information and belief and at all times hereinafter mentioned, the defendant RPAI PELHAM MANOR, L.L.C. controlled certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

25. That upon information and belief and at all times hereinafter mentioned, the defendant RPAI PELHAM MANOR, L.L.C. operated certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

26. That upon information and belief and at all times hereinafter mentioned, the defendant RPAI PELHAM MANOR, L.L.C. supervised, inspected and repaired certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

27. That upon information and belief and at all times hereinafter mentioned, the defendant RPAI PELHAM MANOR, L.L.C. owned, controlled, managed, operated, maintained supervised, inspected and repaired certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior.

28. That at all times hereinafter mentioned, defendant RPAI PELHAM MANOR, L.L.C. was under a duty to operate, manage and maintain certain premises known as 825 Pelham Parkway, Pelham NY 10803, also known as BJ's Wholesale Club on December 10, 2020, and at all times prior, in a safe and lawful manner, such that no persons lawfully thereupon and thereabout would be caused to sustain personal injuries.

29. That at on or about December 10, 2020, the plaintiff was a lawful invitee of defendants within the aforesaid grocery store, which was owned, operated, managed, controlled and maintained, inspected and repaired by defendants herein.

30. At the aforesaid time and place, the aforesaid grocery store was defective and unreasonably dangerous by virtue of its containing a box left by staff unpacking merchandise near a store refrigerator with no warning signs.

31. By virtue of these defects, the plaintiff was caused to lose her footing and trip and fall.

32. Defendants created a dangerous condition at this location by defectively

maintaining this part of their grocery store, failing to place any warning signs or otherwise give a warning of the trip - hazard, causing plaintiff to lose balance, fall, and grievously injure herself.

33. Defendants did not properly inspect the grocery store floor.

34. Defendants negligently inspected the grocery store floor.

35. Defendants were provided actual notice of the defective grocery store floor.

36. Defendants were provided constructive notice of the defective grocery store floor.

37. Defendants knew for a sufficient period of time prior to the within accident that said grocery store floor was defective and unreasonably failed to remedy the situation within a reasonable period of time after which such condition reasonably should have been noticed and corrected.

38. Specifically, defendants created a dangerous condition at this location, causing plaintiff to lose balance, fall, and grievously injure herself.

39. That by reason of the aforesaid, the plaintiff was caused to sustain serious, severe and painful personal injuries, some of which are permanent and lasting in their nature; was caused to be rendered sick, sore and lame and disabled; was caused to suffer great pain and anguish and may in the future continue so to suffer; was caused to incur medical expenses and to seek medical care, attention and treatment in an effort to be cured of the aforesaid injuries; was caused to be incapacitated from his usual activities, duties and employment and may in the future continue to be so incapacitated; and has been damaged in the sum which exceeds the jurisdiction of all lower courts.

40. That the within cause of action is not subject to the limitations set forth in CPLR section 1602 and/or falls within one or more of the exceptions set forth in CPLR section

1602.

**W H E R E F O R E**, plaintiff demands judgment as follows: on the first cause of action against the defendants, in an amount which is in excess of the jurisdictional limits of all lower courts, together with the costs and disbursements of this action.

DATED:    January 14, 2021                    Yours, etc.,
          Carmel, New York

                                              LAW OFFICES OF JOHN P. GRILL, PC

                                              By: _____
                                              JOHN P. GRILL
                                              Attorneys for Plaintiff
                                              229 Nimham Road
                                              Carmel, New York 10512
                                              (917) 601-5507

## ATTORNEY VERIFICATION

JOHN P. GRILL, an attorney admitted to practice in the courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff, I have read the annexed, **SUMMONS and VERIFIED COMPLAINT,** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following: medical records and reports, investigation, correspondence, interviews and file information contained in my possession.

The reason I make this affirmation instead of said plaintiff is your deponent maintains their of business and/or residence outside of the county in which the answering plaintiff maintains their place of business and/or residence.

I affirm that the foregoing statements are true under penalties of perjury.

DATED:   Carmel, New York
         January 25, 2021

_____
JOHN P. GRILL